UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHANEEL WALKER and
GAIL ALSTON,

   Plaintiffs,

      v.

INNOVATIVE CONCEPT SOLUTIONS
INTERNATIONAL, INC. *et al.*,

   Defendants.

Civil Action No. 12-2046 (CKK)

**MEMORANDUM OPINION**
(November 27, 2013)

     Chaneel Walker and Gail Alston ("Plaintiffs") filed the Complaint in the above-captioned action on December 20, 2012, against Defendants Innovative Concept Solutions International, Inc. ("ICSI") and Lorraine Thomas ("Thomas"). *See* Compl., ECF No. [1]. By Order dated May 29, 2013, the Court dismissed without prejudice Plaintiffs' claims against Thomas, leaving only Plaintiffs' claims against ICSI. *See* Order (May 29, 2013), ECF No. [13]. On June 18, 2013, Plaintiffs filed a Motion for Default Judgment on the basis that ICSI had not answered Plaintiffs' Complaint nor appeared in court. In an Order entered July 3, 2013, the Court denied without prejudice Plaintiffs' Motion for Default Judgment on the basis that Plaintiffs failed to specify each element of damages, or the monetary amount thereof, that Plaintiffs claimed to be entitled to recover from ICSI, and failed to include evidentiary support for its damages claims. *See* Order (July 3, 2013), ECF No. [18]. Presently before the Court is Plaintiffs' Amended Motion for Default Judgment. *See* ECF No. [19]. For the reasons stated below, the Court again DENIES WITHOUT PREJUDICE Plaintiffs' Amended Motion for Default Judgment.

## I. BACKGROUND

On June 18, 2013, Plaintiffs filed an initial Motion for Default Judgment. *See* ECF No. [17]. Plaintiffs' Motion did not specify each element of damages, or the monetary amount thereof, that Plaintiffs claimed to be entitled to recover from ICSI, nor did it include evidentiary support for its damages claims. The Court noted that although Plaintiffs' Complaint attached as exhibits what appeared to be documents supporting some of their claims, Plaintiffs' Motion made no effort to tie those documents to any legal arguments to support their claims. As the Court had insufficient information on which to make an independent determination of the sum to be awarded, the Court denied without prejudice Plaintiffs' Motion. *See* Order (July 3, 2013), ECF No. [18]. In its Order denying Plaintiffs' Motion, the Court also expressed concern over whether ICSI presently exists as a corporate entity against whom Plaintiffs may obtain relief. The Court noted that Plaintiffs' Complaint stated that ICSI's status as a stock corporation had been forfeited by the Maryland Department of Assessments and Taxation. The Court requested Plaintiffs provide additional information about the corporate status of ICSI and confirm that ICSI was not presently in bankruptcy proceedings. Finally, the Court requested Plaintiffs provide documentary proof that Victor Mbakpuo, whom Plaintiffs represent is the registered agent for ICSI, is, in fact ICSI's registered agent.

On July 31, 2013, Plaintiffs filed the present [19] Amended Motion for Default Judgment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the Clerk of the Court must enter a party's request for a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise." Fed. R. Civ. P. 55(a). After a default has been entered by the Clerk, a party may move the court for a default judgment. Fed. R. Civ. P. 55(b)(2). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co. Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (internal citation omitted). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.* (citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)). Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.* "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

## III. DISCUSSION

The Court denies without prejudice Plaintiffs' Amended Motion for Default Judgment for two reasons. First, Plaintiffs entirely fail to provide the Court any of the additional information the Court specifically requested in its July 3, 2013, Order. *See* ECF No. [18]. Plaintiffs do not even address, much less provide any information explaining the impact of, ICSI's current corporate status and whether ICSI is in bankruptcy proceedings. This information is critical to the Court's ability to resolve this matter as it may directly impact Plaintiffs' ability to obtain relief. If ICSI is currently in bankruptcy proceedings, the present suit would be automatically

stayed pending the resolution of those proceedings. Moreover, the Court presently does not have sufficient facts from which to determine whether a judgment can be entered against ICSI for its failure to pay wages after forfeiting its corporate status. Accordingly, the Court requests Plaintiffs provide a legal briefing on whether ICSI's forfeited corporate status affects the ability of the Court to enter a judgment against ICSI.

Plaintiffs also failed to provide any documentary proof that Victor Mbakpuo is in fact the registered agent for ICSI as well as documentation of Mr. Mbakpuo's current address. The Court understands from the Maryland Department of Assessments and Taxation Business Entity Database that Mr. Mbakpuo is indeed the registered agent for ICSI. *See* http://sdatcert3.resiusa.org/ucc-charter/searchByName_a.aspx?mode=name. However, the address for Mr. Mbakpuo listed in the Maryland database and the address listed in Plaintiffs' Complaint, Summons, and Certificate of Service are not the same.[1] The Court is concerned that Mr. Mbakpuo has not been properly served nor received Plaintiffs' subsequent pleadings. Knowing whether Plaintiffs' Complaint was properly served on ICSI's registered agent is crucial to the Court's ability to fairly adjudicate this default judgment claim. Thus, the Court renews its request that Plaintiffs provide documentation of Mr. Mbakpuo's current address and further explain why Mr. Mbakpuo was served the Complaint at an address different from that listed in the Maryland database.

Second, Plaintiffs' again fail to provide sufficient evidence to prove their entitlement to the amount of monetary damages requested. Plaintiffs seek (1) unpaid wages; (2) unpaid vacation hours; (3) liquidated damages under the Fair Labor Standards Act ("FLSA") and the

---

[1] The Maryland database lists the following address as Victor Mbakpuo's current address: 818 Roeder Rd., Ste 604, Silver Spring, MD 20910. Plaintiffs, however, served Mr. Mbakpuo and sent all subsequent pleadings to the following address: 11630 Silvergate Lane, Bowie, MD 20720.

District of Columbia Wage Payment and Collection Law ("DCWPCL"); and (4) attorneys' fees and court costs. In Plaintiffs' Amended Motion, Plaintiffs state that they have not been paid for a set number of hours worked in 2012. Apparently as evidence to support this assertion, Plaintiffs provide time sheets for the weeks in which they allege in their pleadings they were not paid. However, the time sheets standing alone are not evidence that Plaintiffs were not paid for the time worked. Plaintiffs have submitted no evidence showing that Plaintiffs were not paid for the hours they recorded or, at the very least, a sworn affidavit attesting under oath that they were not paid for these specific hours. Plaintiffs only allege they were not paid for these hours in their Amended Motion; however, statements in pleadings are not sufficient evidence to prove Plaintiffs entitlement to damages. *See R.W. Amrine Drywall Co, Inc.*, 239 F.Supp.2d at 30 (explaining that although the well-pleaded allegations in the complaint are deemed to be admitted for the purposes of determining liability, the court must make an independent determination of the sum to be awarded and "may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment"). To the extent that documentary evidence does not exist or is unavailable, Plaintiffs do not indicate as much in their Amended Motion or supporting exhibits. Moreover, Plaintiffs failed to provide Plaintiff Walker's time sheets for the weeks ending in April 20, 2012, and April 27, 2012, for which they allege Plaintiff Walker was never paid. Thus, Plaintiffs have presented no evidence that Plaintiff Walker worked during these time periods. In addition, Plaintiffs' Complaint and Amended Motion state that Plaintiff Alston was employed with ICSI "until March 2012" yet Plaintiffs provide time sheets from Plaintiff Alston which correspond to four weeks in April 2012. These four weeks in April are also included in Plaintiff Alston's request for unpaid wages. The Court is confused by this inconsistency and requests clarification from Plaintiffs. In sum, there is no

evidence upon which the Court may award damages for Plaintiffs' unpaid wages.

In addition, Plaintiffs allege that ICSI failed to pay Plaintiff Walker for 240 hours of vacation to which she was entitled, but never allowed to take. However, Plaintiffs entirely fail to provide any evidence supporting this claim for damages. Plaintiffs have not submitted any document, such as an employee contract or handbook or statement of company policy, establishing the amount of vacation to which Plaintiff Walker was entitled, nor any document or sworn affidavit attesting to the amount of vacation Plaintiff Walker was not allowed to use and is thus due to be paid. Again, Plaintiffs cannot rely simply on their allegations in pleadings to prove their entitlement to these damages. *See Id.* To the extent that such documentary evidence does not exist or is unavailable, Plaintiffs have not so indicated. Consequently, there is no evidence upon which the Court may award damages for Plaintiff Walker's unpaid vacation hours. Moreover, without sufficient evidence to calculate the amount of unpaid wages and vacation hours due Plaintiffs, the Court cannot calculate the liquidated damages to which Plaintiffs may be entitled under the FLSA or the DCWPCL.

Finally, Plaintiffs provide no evidence of the attorneys' fees and court costs for which they request damages in their Amended Motion. Although they list in their Amended Motion the amount of attorney hours and the billable rates involved in this case, Plaintiffs have filed no documentary evidence or affidavit sworn under oath itemizing the attorneys' fees and court costs. Consequently, Plaintiffs have failed to prove their entitlement to attorneys' fees or court costs.

### III. CONCLUSION

As Plaintiffs have once again failed to provide sufficient evidence of the damages to which they claim they are entitled and failed to provide the crucial information requested by the

Court regarding ICSI's corporate status, bankruptcy proceedings, and registered agent, the Court DENIES WITHOUT PREJUDICE Plaintiffs' [19] Amended Motion for Default Judgment. By no later than **January 6, 2014**, Plaintiffs shall file a revised motion for default judgment providing the evidentiary support discussed above and thoroughly addressing the impact of ICSI's corporate status, whether ICSI is in bankruptcy proceedings, and the correct current address for ICSI's registered agent. If Plaintiffs do not file a revised motion for default judgment by that date, this decision will stand and the case will be dismissed. This is the last opportunity the Court will afford Plaintiffs to provide proof of their requested damages.

      An appropriate Order accompanies this memorandum opinion.

                                                 */s/*
                                          **COLLEEN KOLLAR-KOTELLY**
                                          UNITED STATES DISTRICT JUDGE